UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CORY A. SCALES,               )
                             )
            Movant,          )
                             )
      vs.                    )          No. 4:05-CV-183 (CEJ)
                             )
UNITED STATES OF AMERICA,     )
                             )
            Respondent.      )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Cory A.
Scales to vacate, set aside, or correct sentence pursuant to 28
U.S.C. § 2255.  The United States has filed a response, and the
issues are fully briefed.

The indictment charged Scales with felonious escape from a
halfway house where he had been confined by the Bureau of Prisons,
in violation of 18 U.S.C. § 751.  After pleading guilty, Scales was
sentenced to 37 months imprisonment, followed by a two-year term of
supervised release.  Scales did not appeal the judgment.

In his motion, Scales claims that he was denied effective
assistance of counsel, in violation of the Sixth Amendment.  In
support of his claim, Scales' asserts that his attorney failed to
object to his classification as a career offender and that his
attorney failed to object to or correct the Court's application of
the career offender guideline.

To establish a claim of ineffective assistance of counsel, a
movant must demonstrate (1)that counsel's performance was deficient

-1-

and (2) that the deficient performance prejudiced the defense. <u>Strickland v.Washington</u>, 466 U.S. 668, 687 (1984). In the context of a guilty plea, the movant must demonstrate that but for counsel's errors, he would not have pleaded guilty, but instead would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

As the Supreme Court wrote in <u>Strickland</u>, inquiry into defense counsel's performance is unnecessary "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." <u>Id.</u> at 697. Following this approach, this Court will examine only the second element of Scales' ineffective assistance of counsel claim - that his counsel's deficient performance prejudiced his sentencing hearing.

Scales was not prejudiced by defense counsel's failure to object to the career offender classification. Section 4B1.1(a) of the United States Sentencing Guidelines defines career offender as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2002). Scales does not dispute the first or third requirement; he contends that the second requirement was not met because his offense of conviction, felonious escape, was not a crime of violence. Scales argues that because he merely walked away from the halfway house, without injuring anyone or putting

anyone in harm's way, his escape did not constitute a crime of violence. However, his argument is without merit.

The Eight Circuit Court of Appeals has held that an escape is a crime of violence because "by its nature, an escape involves a potential risk of physical injury to others." <u>United States v. Gary</u>, 341 F.3d 829, 836 (8th Cir. 2003). Furthermore, the Eighth Circuit has held that "every escape, even a so-called 'walkaway' escape, involves a potential risk of injury to others." <u>United States v. Nation</u>, 243 F.3d 467, 472 (8th Cir. 2001). Thus, the Eighth Circuit Court of Appeals has concluded that "escape qualifies as a crime of violence pursuant to U.S.S.G. § 4B1.2." <u>Id.</u>

Because the law is settled that a walkaway escape is a crime of violence, Scales was correctly classified as a career offender. As such, Scales' counsel was not ineffective by failing to object to the classification.

Scales next argues that counsel should have objected to the calculation of his offense level under § 4B1.1(b). Under that section of the Guidelines, the base offense level of a defendant who is a career offender is determined by reference to the statutory maximum sentence of imprisonment for the offense of conviction. Here, the statutory punishment for Scales' violation of 18 U.S.C. § 751 included a sentence of imprisonment of not more than five years. Pursuant to subsection (F) of U.S.S.G. § 4B1.1(b), when the statutory maximum is "5 years or more, but less than 10 years," the base offense level is 17. U.S.S.G § 4B1.1(b)(F). Thus, Scales' base offense level was 17, and

therefore defense counsel was not ineffective because he did not object to it.

For the reasons discussed above, the Court concludes that Scales is not entitled to the relief he seeks.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Cory A. Scales to vacate, set aside, or correct sentence [#1] is **denied**.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

 

 

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2008.